**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 17, 2011
Decided August 17, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3047

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 10-CR-91-WMC-01 |
| DANIEL SANDOVAL-VELASQUEZ, *Defendant-Appellant*. | William M. Conley, *Chief Judge*. |

**O R D E R**

Daniel Sandoval-Velasquez, a citizen of Mexico, was arrested when federal agents caught him using his brother's identification in order to work for a cheese producer in Darlington, Wisconsin. Because he had been previously removed from the United States following an aggravated felony drug conviction, he was charged with illegal reentry, 8 U.S.C. § 1326(a). He agreed to plead guilty and the government moved to lower his guidelines' offense level for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(b). The court granted the motion, and sentenced Sandoval-Velasquez to 46 months' imprisonment, the bottom of the calculated guidelines range of 46 to 57 months (based on a total offense level of 21 and a criminal history category of III).

Sandoval-Velasquez filed a notice of appeal, but his appointed lawyer moves to withdraw on the ground that the case is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Sandoval-Velasquez has not responded to counsel's submission, which is facially adequate. See CIR. R. 51(b), *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Counsel verified that Sandoval-Velasquez does not want his guilty plea set aside and thus appropriately omits possible challenges to the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel does consider challenging the substantive reasonableness of Sandoval-Velasquez's sentence, but as counsel notes, the district court chose a sentence within the guidelines range and we would presume that sentence to be reasonable. S*ee Rita v. United States*, 551 U.S. 338, 351-52 (2007); *United States v. Portman*, 599 F.3d 633, 636 (7th Cir. 2010). At sentencing, Sandoval-Velasquez argued that a within-guidelines sentence was unreasonable because the guidelines' calculation overstated the seriousness of his criminal record, which, he said, contained merely a single conviction "in an otherwise law-abiding history." But the district court rejected that argument because his prior crime was not an isolated indiscretion — he sold cocaine to an undercover officer on at least 3 occasions and in large quantities (the last sale was for over $11,000). The court also dismissed Sandoval-Velasquez's characterization of his history as "otherwise law-abiding": he also had a prior conviction for driving under the influence, his wife was arrested for distributing drugs following an extended visit with him in Mexico, and he illegally re-entered the United States while he was still on supervised release for his federal drug crime. The court reasoned that 46 months was an appropriate term of imprisonment based on Sandoval-Velasquez's history of criminal activity and the serious nature of the crime of illegal reentry. The court's explanation was adequate, and § 3553(a) requires no more. *See United States v. Kilgore*, 591 F.3d 890, 893 (7th Cir. 2010).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.